# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUSTEES OF CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, <br><br> Plaintiffs, <br><br> vs. <br><br> L. D. BUSH CONSTRUCTION, INC., <br><br> Defendant. | ) ) ) ) ) ) Case No. 10-1010-DRH/PMF ) ) ) ) |

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

On December 14, 2010, plaintiff Trustees of Central Laborers' Pension, Welfare & Annuity Funds commenced this action against defendant L.D. Bush Construction, Inc., seeking to obtain from defendant fringe benefits defendant allegedly failed to pay as required by agreements entered into by defendant. More specifically, plaintiff sought $343.04 in liquidated damages, reasonable attorney's fees, court costs, an audit of defendant's payroll books and records, audit costs, and other reasonable expenses incurred by plaintiff in connection with the collection of defendant's alleged delinquent contributions. Defendant was properly served on December 20, 2010, but failed to move, answer, or otherwise plead in response to the complaint. Based upon that failure, plaintiff secured the Clerk's entry of default on March 29, 2011, pursuant to Federal Rule of Civil Procedure 55(a). Now before this Court is plaintiff's motion for default judgment

(Doc. 10) under Federal Rule of Civil Procedure 55(b).  For the reasons that follow, the Court DENIES the motion for default judgment (Doc. 10).

## I. Background

As mentioned above, plaintiff filed its complaint on December 14, 2010, and defendant was served on December 20, 2010.  From that time until March 25, 2011, the case lay dormant, until the Court filed a notice of impending dismissal for want of prosecution (doc. 7).  In response to the notice, plaintiff filed a motion for entry of default (doc. 8), and on March 29, 2011, the Clerk of Court entered default (doc. 9) against defendant.  Subsequently, on April 11, 2011, plaintiff filed a motion for entry of default judgment (doc. 10), requesting that judgment be entered in the amount of $1,107.50 in attorney's fees, court costs, and all other reasonable expenses incurred by plaintiff, that defendant be required to submit to an audit by plaintiff, and that plaintiff have such other and further relief that the Court deem just and equitable.  Two days later, plaintiff filed a notice of entry of default pursuant to Local Rule 55.1(a) (doc. 11), certifying to the Court that notice of the entry of default had been sent by mail to defendant at defendant's last known address.  That same day, the Court entered an order by docket entry notifying plaintiff of its failure to comply with Local Rule 55.1(b). Accordingly, plaintiff filed a supplement to its motion for entry of default judgment (doc. 13), certifying that a copy of the motion for entry of default judgment had been mailed to defendant's last known address and that plaintiff had no knowledge that defendant is represented by counsel.  Plaintiff having now

complied with the local rules,[1] the Court takes up plaintiff's motion for default judgment (doc. 10).

## II. Analysis

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d at 703. Federal Rule of Civil Procedure 55(b) sets forth that a plaintiff can enter a default judgment in one of two ways: 1) by the clerk or 2) by the court. FED. R. CIV. P. 55(b). If seeking entry by the clerk, the plaintiff's claim must be "for a sum certain or a sum that can be made certain by computation" and must be accompanied by "an affidavit showing the amount due." FED. R. CIV. P. 55(b)(1). On the other hand, if seeking entry by the court, the "court may conduct hearings

---

[1] Once a default has been entered by the Clerk of Court, the Local Rules of the United States District Court for the Southern District of Illinois, specifically, Local Rule 55.1(a) requires the moving party to: (1) "give notice of the entry of default to the defaulting party by regular mail sent to the last known address of the defaulted party," and (2) "certify to the Court that notice has been sent." SDIL-LR 55.1(a). Further, Local Rule 55.1(b) requires that the motion seeking default judgment "shall contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that attorney." SDIL-LR 55.1(b). This Court has interpreted this to mean that the attorney for the moving party must certify, as an officer of the court, the he or she does not have knowledge that the defaulted party is represented by counsel for any matter whatsoever and there is no counsel to whom the motion can be mailed.

or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2).

Indeed, while upon default, the factual allegations of a complaint relating to liability are taken as true, the allegations relating to damages ordinarily are not. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Thus, a judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d at 793 (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2nd Cir. 1999)). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54©. The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for an abuse of discretion. *Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005).

Here, plaintiff failed to attach anything to its motion for entry of default judgment (doc. 10), notice of entry of default pursuant to local rule 55.1(a) (doc. 11), or supplement to motion for entry of default judgment (doc. 13). In fact, the only thing attached at all to support plaintiff's claim for damages are three

or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2).

Indeed, while upon default, the factual allegations of a complaint relating to liability are taken as true, the allegations relating to damages ordinarily are not. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Thus, a judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d at 793 (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2nd Cir. 1999)). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54©. The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for an abuse of discretion. *Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005).

Here, plaintiff failed to attach anything to its motion for entry of default judgment (doc. 10), notice of entry of default pursuant to local rule 55.1(a) (doc. 11), or supplement to motion for entry of default judgment (doc. 13). In fact, the only thing attached at all to support plaintiff's claim for damages are three

exhibits attached to its complaint. Those exhibits, however, do nothing to support plaintiff's claim for damages. Exhibit one, two, and three appear to be part of an agreement for what the Court assumes to be between plaintiff and defendant but the agreements are incomplete and do not support plaintiff's position that it is entitled to liquidated damages, attorneys fees and court costs, and an audit. Thus, plaintiff has failed to meet its burden of establishing its damages as there is absolutely no documentary evidence or affidavits to support plaintiff's position. Accordingly, plaintiff's motion for default judgment (doc. 10) is DENIED WITHOUT PREJUDICE. The Court ALLOWS plaintiff leave to file an amended motion for default judgment on or before April 28, 2011, submitting documentary evidence and affidavits supporting its claim for damages. The Court will determine at that time whether a hearing is necessary.

**IT IS SO ORDERED.**

Signed this 21st day of April, 2011.

Digitally signed by David R. Herndon
Date: 2011.04.21 16:35:47 -05'00'

**Chief Judge**
**United States District Court**